IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAKEEM STANLEY,<br><br>*Petitioner*,<br><br>v.<br><br>TINA WALKER,<br><br>*Respondent.* | Civil Action<br><br>No. 21-cv-5595 |

**ORDER**

**AND NOW**, this 17th day of April, 2024, upon consideration of a Report and Recommendation by Magistrate Judge José Arteaga, and Petitioner Hakeem Stanley's objections thereto, I find as follows:

1. Petitioner Hakeem Stanley brought this petition for a writ of habeas corpus challenging his conviction in the Court of Common Pleas of Philadelphia County for murder and other crimes in connection with a shooting that occurred on September 11, 2011 in Philadelphia. Stanley's petition was referred to Magistrate Judge José Arteaga, who recommended that the petition be denied. A summary of the pertinent facts and procedural history is set out in Judge Arteaga's Report and Recommendation, which I adopt.

2. Stanley filed timely objections to Judge Arteaga's Report and Recommendation. My review of the portions of the Report and Recommendation to which Stanley objects is de novo. 28 U.S.C. § 686(b)(1). For the reasons set out below, I will overrule Stanley's objections, adopt Judge Arteaga's Report and Recommendation, and deny Stanley's habeas petition.

1

**I.     OBJECTIONS RELATED TO INEFFECTIVE ASSISTANCE OF COUNSEL**

3.      The Sixth Amendment to the Constitution entitles all criminal defendants to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687(1984). In his present habeas petition, Stanley argues that his trial counsel was ineffective in three ways: (1) by inadequately advising Stanley on whether he should testify on his own behalf; (2) by failing to investigate potential alibi witnesses; and (3) by failing to obtain cell phone records that could have contradicted the prosecution's theory of motive.

4.      Stanley's ineffective assistance of counsel claims were previously denied on the merits in state court, and, accordingly, the state court's decision will not be disturbed unless it was unreasonable. See 28 U.S.C. § 2254(d). Stanley argues that the state court's decision was based on an unreasonable interpretation of the facts.

5.      With regard to Stanley's claim that counsel inadequately advised him on whether to testify on his own behalf, the state court (proceeding under Pennsylvania's Post Conviction Relief Act (PCRA)), held a hearing at which Stanley and his counsel testified. Counsel (Nino Tinari) explained that he had a discussion with Stanley regarding Stanley's possible testimony, which included reviewing the prosecution's evidence and considering whether there was a need for Stanley to take the stand to rebut it. The state court found counsel's testimony credible, and concluded that counsel's advice "was reasonable." The state court also noted that Stanley had been personally colloquied on his decision not to testify and told the court that counsel kept him "well informed." Based on this testimony, the state court denied relief. (PCRA Opinion at 7-12.) Judge Arteaga recommended upholding the state court's decision because it was not unreasonable.

6.      With regard to Stanley's claim that counsel was deficient for failing to obtain alibi witnesses, the state court heard and credited counsel's testimony that Stanley never informed him of any alibi witnesses, meaning counsel could not have performed deficiently by failing to contact

2

them. (PCRA Opinion at 15-17.) The state court also heard from one of the proposed alibi witnesses (Kareem Webb), and found that witness's testimony "wholly incredible," observing that Webb changed his story halfway through. (Id. at 17-19.) Judge Arteaga recommended upholding the state court's decision because these credibility findings were not unreasonable.

7. Finally, with regard to counsel's failure to obtain cell phone records, the state court did not reach whether counsel's performance was reasonable because it found that the records would not have altered the jury's verdict. The alleged purpose for the phone records was to rebut the prosecution's theory of motive—the prosecution had offered evidence that Stanley shot the victim at the request of his cousin Shaunta Byard, and the phone records might have shown that Stanley and Byard were not in contact. But the state court observed that Stanley had other ways to communicate with Byard, since Byard was Stanley's cousin, and Stanley was seen "walking toward Byard's house" minutes before the shooting. Moreover, the state court found the evidence at trial to be "overwhelming," such that an absence of text messages between Stanley and Byard would have made little difference. (PCRA Opinion at 23-25.) Judge Arteaga recommended upholding the state court's conclusion because it was not unreasonable.

8. In his present objections, Stanley asserts that Judge Arteaga's recommendations placed undue weight on Stanley's own admissions during colloquies with the trial court, to the exclusion of other evidence indicating deficient performance on counsel's part. For example, Stanley objects to placing significant weight on his statement that counsel kept him "well informed," noting that trial counsel could recall few specifics about his conversations with Stanley.

9. I agree with Judge Arteaga that the state court properly considered Stanley's admissions along with other evidence in concluding that counsel provided adequate advice. The state court did not give Stanley's admissions conclusive weight; rather, it heard testimony from

3

witnesses—including trial counsel, Stanley himself, and Stanley's proffered alibi witness—from which the court made credibility findings. Although it was true that counsel could not recall every detail about his conversations with Stanley, he did recall discussing "the manner in which the case had gone in," and explained what his usual practice would be. (PCRA Opinion at 8.) It was therefore not unreasonable for the state court to find counsel's testimony persuasive.

10.     For these reasons, I will overrule Stanley's objections and adopt Judge Arteaga's recommendation that Stanley's claims for ineffective assistance of counsel be denied.

II.     **OBJECTIONS RELATED TO SUFFICIENCY OF THE EVIDENCE**

11.     Stanley claims that the evidence presented at trial was insufficient to identify him as the shooter. Because the state court also denied this claim on the merits, it is subject to deferential review in federal court. 28 U.S.C. § 2254(d).

12.     Judge Arteaga recommended that the state court's determination on sufficiency be upheld, which was based on eyewitness testimony and Stanley's own conduct. The victim's friends, who were walking with the victim at the time of the shooting, saw Stanley approach before the shooting and run away after the shooting. These two witnesses also identified Stanley as the shooter, although this identification was admittedly out of their peripheral vision. Moreover, Stanley's cousin Byard had recently threatened to have a cousin "rough … up" one of the friends who was walking with the victim, and six days later Stanley uploaded a YouTube video in which he stated that he would take revenge on anyone who harmed his family. Finally, Stanley evaded police for months following the shooting. Commonwealth v. Stanley, No. 3535 EDA 2013, 2015 WL 7458667, at *3, 9 (Pa. Super. Ct. Mar. 13, 2015).

13.     Stanley objects that this evidence was insufficient to identify him as the shooter because the witnesses did not have a clear view during the shooting itself, and it is unsurprising he would run from the sound of gunshots even if he were innocent.

14. Claims of insufficient evidence must meet a "high bar" on habeas review because both the jury and the state court have looked at the evidence and found it sufficient. <u>Lambert v. Warden Greene SCI</u>, 861 F.3d 459, 467 (3d Cir. 2017). Here, the positive identification of Stanley as the shooter by two eyewitnesses, combined with circumstantial evidence from Stanley's own behavior, made it not unreasonable for the state court to conclude that the evidence was sufficient to convict.

**WHEREFORE**, it is hereby **ORDERED** that:

15. The Report and Recommendation (ECF No. 23) is **ADOPTED**.

16. The petition for a writ of habeas corpus (ECF No. 1) is **DENIED**. Pursuant to Third Circuit Local Rule 22.2, it is recommended that no certificate of appealability should issue because "reasonable jurists [would not] debate" the conclusion that Stanley's habeas petition should be denied. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

17. The Clerk of Court shall mark this case closed.

<br>

                                          **BY THE COURT:**

                                          */s/ Mitchell S. Goldberg*
                                          **MITCHELL S. GOLDBERG, J.**